UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
LATRESE CARR,

                        Plaintiff,

-against-

EDDIE LESNJANI and PINNACLE HOLDINGS,

                        Defendants.
---------------------------------------------------------------- x

MEMORANDUM & ORDER

16-cv-5996 (ENV) (LB)

VITALIANO, D.J.

*Pro se* plaintiff Latrese Carr commenced this 42 U.S.C. § 1983 action in the Southern District of New York, on April 19, 2016, alleging various civil rights violations. *See* ECF Dkt. No. 2 ("Compl.") at 1. The case was transferred to this district, on October 21, 2016. *See* ECF Dkt. No. 6. At the time of filing, Carr was confined at Watertown Correctional Facility, *see* Compl. at 1, from which he was subsequently released, on May 11, 2017, *see* Inmate Information for Latrese Carr, ID No. 14A2840, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, INMATE POPULATION INFORMATION SEARCH, http://nysdoccslookup .doccs.ny.gov (last visited August 25, 2017). Carr's request to proceed *in forma pauperis* (ECF Dkt. No. 1) is granted, solely for purposes of this Order. For the reasons that follow, however, his complaint is dismissed, with leave to amend in accordance with the terms of this Order.[1]

## Background

According to the complaint, Carr was hired as a porter by defendant Eddie Lesnjani, the manager of defendant Pinnacle Holdings ("Pinnacle"). *See* Compl. at 3. Carr alleges that he

---

[1] In light of the dismissal of the complaint, Carr's motion for the appointment of counsel (ECF Dkt. No. 3) is also denied.

1

worked for Lesnjani and Pinnacle, without pay, from March 15, 2012 until January 5, 2014, and that the Department of Labor ("DOL") awarded him back pay for that work, on April 8, 2016. *See id.* He seeks $125 million in damages, *see id.* at 5, as recompense for the mental anguish, emotional strain, and defamation of character that he claims to have suffered as a result of defendants' alleged violations of his rights under the Thirteenth Amendment to the United States Constitution and Article I, § 17 of the New York State Constitution, *see id.* at 3.

## Standard of Review

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citation omitted). Pleadings submitted by a self-represented party should be "liberally construed," *id.* (citation omitted), and "interpreted 'to raise the strongest arguments that they suggest,'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citation omitted). Nonetheless, a *pro se* complaint must still "plead facts sufficient 'to state a claim to relief that is plausible on its face.'" *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

Where, as here, the plaintiff is proceeding *in forma pauperis*, the district court must dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, a court generally should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Discussion

As a threshold matter, Carr has affirmatively pled that all of the parties to this action—himself included—are residents of New York, *see* Compl. at 2, and there is nothing in the complaint that suggests otherwise. Thus, diversity jurisdiction is plainly unavailable for any state law claims contained in the complaint. *See Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."); *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." (citations omitted)).

Moreover, even construing Carr's complaint liberally, it is clear that he has not stated any federal claims on which relief could be granted. Federal question jurisdiction exists where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690, 126 S. Ct. 2121, 2131, 165 L. Ed. 2d 131 (2006)) (other citation omitted). Apparently grabbing for this jurisdictional line, Carr invokes § 1983 as the ostensible basis for federal question jurisdiction. *See* Compl. at 1. To state a claim under § 1983, however, he must allege, *inter alia*, that he was injured by a state actor or a private party acting under color of state law. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). Private conduct is generally beyond the reach of § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999); *Vaughn v. Phoenix House Programs of New York*, No. 14-cv-3918, 2015 WL 5671902, at *4 (S.D.N.Y. Sept. 25, 2015) (Section 1983 action that alleged, *inter alia*, violations of the

Thirteenth Amendment, "fail[ed] as a matter of law because neither [the corporate defendant] nor the individual [d]efendants are state actors, nor were they acting under color of law."). It is a red flag that the two defendants Carr names, Lesnjani and Pinnacle, are, respectively, a private individual and a private company. Neither is a state actor, and, moreover, there is no indication whatsoever that they or any co-employees acted under color of state law. Consequently, § 1983 cannot supply the federal claim that Carr's complaint is lacking.[2]

Reading the complaint generously, it appears that Carr may be seeking to assert claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and New York Labor Law ("NYLL"). However, because the complaint offers only the most meager of factual allegations, it is impossible for the Court to determine whether Carr can even plausibly state a claim under FLSA—and, by extension, the Court cannot conclude whether supplemental jurisdiction should be exercised over any potential NYLL or other state law claims. *See, e.g., Elliot-Leach v. New York City Dep't of Educ.*, 201 F. Supp. 3d 238, 245 (E.D.N.Y. 2016) (dismissing purported FLSA claim where plaintiff vaguely alleged that defendants "failed to pay [her] wages owed to her pursuant to FLSA," but "offer[ed] no additional facts to support this charge, including no reference to any specific provision of the FLSA, no description of the uncompensated hours she worked, and no mention of her wage rate" (first alteration in original)

---

[2] Even if § 1983's state action requirement were satisfied or Carr's complaint were construed as having been brought under § 1985(3), his Thirteenth Amendment claim would still need to be dismissed because, *inter alia*, he has not alleged that he was forced to work, *see, e.g., Vaughn v. Phoenix House New York*, No. 14-cv-3918, 2016 WL 4223748, at *2-3 (S.D.N.Y. Aug. 9, 2016), nor does his complaint provide any suggestion that defendants' purported deprivations of his rights were motivated by racial animus, *see, e.g., Poles v. Brooklyn Cmty. Hous. & Servs.*, No. 10-cv-1733, 2010 WL 1992544, at *2-3 (E.D.N.Y. May 14, 2010); *Chance v. Reed*, 538 F. Supp. 2d 500, 509 (D. Conn. 2008); *Humpherys v. Nager*, 962 F. Supp. 347, 356 (E.D.N.Y. 1997).

(citing *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013))). Moreover, if, as Carr indicates in his complaint, he was awarded back pay as part of a DOL settlement, *see* Compl. at 3, he may have (and it is more than likely the case), by accepting such award, waived any FLSA claim that he previously possessed. *See Wai Hung Chan v. A Taste of Mao, Inc.*, No. 15-cv-9723, 2017 WL 2973982, at *2 (S.D.N.Y. July 11, 2017) ("an employee waives his right to sue [under the FLSA] once he accepts funds from a DOL supervised settlement").

For these reasons, while Carr's complaint must be dismissed, he will be granted a second chance to demonstrate a valid claim over which this Court has jurisdiction, by filing an amended complaint, no later than 30 days after this Order is docketed. Alternatively, Carr may elect to file any state law claims in a state court of appropriate jurisdiction.

## Conclusion

In line with the foregoing, plaintiff's complaint (ECF Dkt. No. 2) is dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding this dismissal, plaintiff is granted 30 days from the date that this Order is entered on the docket to file an amended complaint that establishes, factually and plausibly, a valid claim over which this Court has jurisdiction. The amended complaint must be captioned, "Amended Complaint," and bear the same docket number as this Order: 16-cv-5996.

Since the original (now dismissed) complaint references an award of back pay that plaintiff received as a result of a DOL proceeding, if he elects to file an amended complaint: (i) he must clearly state in the amended complaint whether he previously filed a related claim for unpaid wages, and, if so, the date and place in which he filed that claim, and the outcome of that claim, including whether he was awarded back wages, and, if so, the amount of such award; and

(ii) he must attach to the amended complaint any documents in his possession concerning any such prior claim.

All proceedings in this Court shall be stayed until further order of the Court. If plaintiff elects not to file an amended complaint, or neglects to do so in a timely fashion, the dismissal of the complaint will become final, and the docket will be closed for administrative purposes.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

So Ordered.

Dated: Brooklyn, New York
August 25, 2017

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge